IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:11-cr-246-D (1) |
| | § | |
| DUC MINH LUU, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

Defendant Duc Minh Luu has filed an unopposed motion requesting that the Court appoint him counsel "to assist him in the preparation of any motion to vacate, set aside, or correct the sentence he chooses to file pursuant to 28 U.S.C. § 2255." Dkt. No. 117. United States District Judge Sidney A. Fitzwater has referred the motion to the undersigned United States magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 118. For the reasons explained below, the motion is DENIED without prejudice.

**Background**

Defendant's motion was filed by William R. Biggs, the attorney appointed to represent Defendant at the sentencing stage in this Court and on direct appeal to the United States Court of Appeals for the Fifth Circuit – an appeal that Defendant voluntarily dismissed. *See* Dkt. No. 117 at 1. The motion explains that Defendant wishes for Mr. Biggs "to assist him on any 2255 motion," but Mr. Briggs concedes that such an arrangement "would be inappropriate in light of [counsel's] prior

-1-

representation of Luu at sentencing and on direct appeal" and instead requests that the Court appoint another attorney to assist Defendant "on any § 2255 motion he chooses to file," asserting that he "believes preparation of a 2255 motion *pro se* may pose difficulties for [Defendant] in light of his native language," which is Vietnamese. *Id.* at 2.

## Legal Standards

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. Dec. 28, 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, "under § 3006A(a)(2)(B), a [habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, Civil No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)); *see Scoggins v. MacEachern*, Civil Action No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a

petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (other citations omitted)); *see also Lyle v. United States*, Civil Action No. JFM–09–727, Criminal No. JFM–02–395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984))).

## Analysis

As the cases cited above makes clear, to determine whether the interests of justice require that a habeas petitioner be appointed counsel, a court must examine the claims presented, to determine whether those claims are either significant, exceptional, complex, or – at the very least – not frivolous. Defendant has not yet filed a 28 U.S.C. § 2255 motion, and, as such, the Court is not in a position to examine, for example, the significance or complexity of his claims. That alone is enough to deny the current motion without prejudice. *Cf. Murdaugh v. Spencer*, 2008 WL 474376, C.A. No. 07-11544, at *1 (D. Mass. Feb. 17, 2008) ("Until the petition has been served on the respondent and the respondent has filed a response and provided this court with records of the prior proceedings in this matter, this court does not yet have any basis to find that the complexity of this matter warrants the appointment of counsel for the petitioner.").

But Defendant also has not shown how he would be uniquely hampered if he has

to proceed *pro se* on the collateral attack of his sentence. While he admits that he "speaks and understands English," he asserts that his status as a nonnative English speaker "may pose difficulties." Dkt. No. 117 at 2. And that may be true. But that difficulty alone, based on the record now before the Court, is also not enough to find that counsel should be appointed pursuant to 18 U.S.C. § 3006A(a)(2)(B). *Cf. United States v. Ochoa*, Nos. CV 09-05485 DDP, CR 02-00996 DDP, 2009 WL 2912479, at *1 (C.D. Cal. Sept. 9, 2009) (denying motion for appointment of counsel based in part on argument that "Petitioner ... speaks little English and has no knowledge of the law"); *Ramirez v. Cate*, No. C 10–197 SI (pr), 2010 WL 1641528, at *2 (N.D. Cal. Apr. 22, 2010) ("The interests of justice do not require appointment of counsel in this action. Ramirez states in his motion that he does not understand 'proper English,' but also states that he has another inmate helping him who apparently is translating for him.").

## Conclusion

Defendant's Motion for Appointment of Attorney for Assistance on § 2255 Motion [Dkt. No. 118] is DENIED without prejudice because Defendant has not yet shown that the interests of justice require – or will require – appointment of counsel to assist in the preparation of his habeas petition. While the denial of the current motion does not preclude Defendant from re-filing a motion requesting appointment of counsel under Section 3006A(a)(2)(B), any re-filed motion should provide the Court with specific information to establish that the dual prongs discussed in this order are – or more than likely will be – satisfied.

-4-

SO ORDERED.

DATED: April 1, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE